TALLMAN *v.* SPRAGUE.

*(Superior Court of New York City, General Term.* March 14, 1892.)

1. USURY—RENEWAL NOTE.

The mere fact of the execution of a renewal note in a greater amount than the original does not necessarily show usury.

2. OPENING JUDGMENT—SUFFICIENCY OF AFFIDAVIT.

An affidavit that defendant had partly paid a note in action, by giving another note for a part thereof, does not show a sufficient defense to entitle him to have a judgment on the note opened, and himself let in to defend.

Appeal from special term.

Action by Jacob H. Tallman against Daniel J. Sprague on a note.    From an order denying a motion to open a judgment by default, defendant appeals. Affirmed.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

*J. Noble Hayes,* for appellant.    *Michael Jacobs,* for respondent.

PER CURIAM.    The defendant asked that the default be opened, that he might make the defense of usury.    The affidavits were too vague and uncertain on this subject to permit it to be held that usury was shown.    The mere

facts of giving a note, and then, at its maturity, another note for a greater amount, do not necessarily involve usury, especially when the form of the statement on the subject intimates that there are other facts, not stated, which would be relevant, and should be considered before holding that there was usury. The defendant also maintained that he had a defense of payment or partial payment. As to the first, the affidavits did not support it. The second was said to be the giving of the defendant's note for about the half of the amount of the note in action. If given, this would not have been a payment. The defendant's affidavits left it doubtful as to whether it was ever given to plaintiff. The affidavits of the plaintiff are to the effect that it never was. The court would have been justified in denying the motion absolutely. Order affirmed, with $10 costs.